Virdell R. **MAYES**, Appellant,

v.

Mildred R. **SANFORD**, Appellee.

No. 92–PR–1436.

District of Columbia Court of Appeals.

Argued April 13, 1994.

Decided May 5, 1994.*

Robert L. Bell, Washington, DC, for appellant.

Sara M. Robinson, Washington, DC, for appellee.

Before FERREN, Acting Chief Judge, and TERRY and STEADMAN, Associate Judges.

TERRY, Associate Judge:

This appeal is the latest chapter in a long and hard-fought dispute between two sisters over the care of a third sister, Irene Davis, who has been incapacitated by Alzheimer's disease. Appellant Virdell Mayes is the court-appointed conservator of Mrs. Davis' person, but appellee Mildred Sanford is the court-appointed conservator of Mrs. Davis' estate. Initially Mrs. Sanford served in both capacities, but in 1990, on Mrs. Mayes' motion, the trial court removed Mrs. Sanford as conservator of the person and appointed Mrs. Mayes in her stead, leaving Mrs. Sanford solely as conservator of the estate. This new arrangement proved to be less than ideal because the two sisters, Mrs. Mayes and Mrs. Sanford, did not get along with each other.[1]

Near-constant sniping about finances led the court to appoint an auditor-master in 1991 to look into the dispute and propose a solution. The auditor's report, filed in March 1992, concluded that the inability of the two

will. *See In re Lee's Estate,* 80 F.Supp. 293, 294 (D.D.C.1948).

* The decision in this case was originally issued as an unpublished memorandum opinion and judgment. It is now being published, with minor revisions, by direction of the court.

1. It also appears from the record that there is some friction between Mrs. Mayes' husband and Mrs. Sanford.

sisters to work together was inimical to the best interests of the ward (Mrs. Davis), and accordingly recommended that the court remove both conservators and appoint a third party to serve as conservator of both the person and the estate of Mrs. Davis. The court, however, elected to hold a hearing on the matter before making a decision. After considering both the auditor's report and the testimony of a guardian *ad litem* (who recommended that Mrs. Mayes alone be made conservator of both the person and the estate), the court entered an order maintaining the divided conservatorship. From that order Mrs. Mayes brings this appeal. We affirm.

█ Appellant's principal argument is that the trial court erred in rejecting her petition to remove Mrs. Sanford as conservator of Mrs. Davis' estate and deciding instead to continue the status quo. She claims error because the trial court's ruling was at odds with the recommendation of the guardian *ad litem*. The short answer to this argument is that the guardian's recommendation was not binding on the court. On the contrary, D.C.Code § 21–2033(a) (1989) makes clear that the guardian "shall not serve as an independent finder of fact, investigator, ombudsman, or other neutral party in the proceeding." The duty of deciding what arrangement is in the best interests of the ward remains with the court at all times.

█ The record plainly demonstrates that the trial judge in this case performed that duty after carefully weighing all the facts— including the fact that the auditor-master and the guardian *ad litem* had come to different conclusions about the proper solution to the controversy. The guardian recommended that Mrs. Mayes be appointed conservator of the estate as well as the person of Mrs. Davis, but the auditor recommended that both sisters be removed and a neutral third party be appointed as the sole conservator. One factor which weighed heavily in the judge's decision was the prospect that Mrs. Davis' modest estate, already burdened with the cost of her medical care, would be severely depleted by the appointment of a non-family conservator, who would have to be paid. Such a step, the judge said, was "an extreme measure" that should only "be done as an absolute last alternative." It is clear that the current state of affairs is unsatisfactory to all concerned. It is also clear, however, that the judge decided to give the parties one more chance to make an effort to work together in the interests of their invalid sister before taking the costly and extreme step of replacing both conservators with an outsider. We find no error in his decision.[2]

█ Appellant also challenges the report of the auditor-master. At the hearing below, however, there was extensive discussion about the auditor's report, with the court and counsel going over it almost line by line. The court was satisfied that the auditor's report was fully supported by the facts, and we can find no basis to disagree. *See* Super.Ct.Civ.R. 53(e)(2) (court "shall accept" master's findings of fact "unless clearly erroneous"). Appellant objects to the fact that the auditor did not take sworn testimony, but that objection is not well taken. Super.Ct.Civ.R. 53(c) states that the auditor-master "may" examine witnesses under oath, but she is not required to do so. In this case, because it appears that appellant's counsel failed to object to the procedure followed by the auditor when the auditor proposed it, and because appellant made no complaint about it in the trial court,[3] her present complaint about that procedure will not be heard. *See Byrd v. United States,* 502 A.2d 451, 453 (D.C.1985), citing *Hackes v. Hackes,* 446 A.2d 396, 398 (D.C.1982).

---

**2.** Appellant complains that "there is a complete want of findings or a record to explain the court's failure to determine the best interests of the adult ward." We strongly disagree. Even though the trial judge did not make express factual findings, the reasons underlying his decision are quite clear from the record. We reject appellant's request to remand the case for more specific findings.

**3.** At one point during the hearing in the trial court, appellant's counsel mentioned that the hearings before the auditor "were not sworn, they were informally done at a conference table." This comment was made, however, in the context of a general challenge to the auditor's findings. We do not read it as a specific complaint about the auditor's failure to take testimony under oath.

Finally, appellant contends that because Mrs. Davis has moved from the District of Columbia to Virginia, the conservatorship proceedings in this case should be transferred from the District of Columbia courts to the Virginia courts. She asserts that the only remaining contact with the District is the fact that Mrs. Sanford lives here. This is plainly wrong. Aside from the fact that Mrs. Davis, now disabled by illness, almost certainly lacks the requisite intent to change her domicile (and almost certainly lacked it at the time she moved), appellant's argument ignores the fact that most of Mrs. Davis' assets remain in the District of Columbia. That fact alone provides sufficient basis for keeping the case here. *See* D.C.Code § 21–2021(2) (1989).

The order from which this appeal is taken is therefore

*Affirmed.*